UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT DARYLL RUED; LEAH JEAN RUED; and
JOSEPH DARYLL RUED, on behalf of W.O.R., a
minor child,

Case No. 25-CV-3333 (PJS/DLM)

Plaintiffs,

ORDER

v.

JAYKUMAR JAYSWAL, as a person for actions
under color of state law and in conspiracy;
RAOUL SHAH, as a person for actions under
color of state law and in conspiracy;
CORNERHOUSE, as a person for actions in
conspiracy with those acting under color of state
law; JUDY WEIGMAN, as a person for actions in
conspiracy with those acting under color state law;
RYAN KUFFEL, as a person for actions under
color of state law and in conspiracy; ANNE
GEARITY, as a person for actions under color of
state law and conspiracy with those acting under
color of state law; HENNEPIN COUNTY
HUMAN SERVICES AND PUBLIC HEALTH
DEPARTMENT, as a person for actions under
color of state law and in conspiracy; MIKE
FUNSTAHL, as a person for actions under color of
state law and in conspiracy; NELSON PERALTA,
as a person for actions under color of state law and
in conspiracy; CHRISTIAN SANDE, as a person
for actions under color of state law and in
conspiracy; RICHARD STEBBINS, as a person for
actions under color of state law and in conspiracy;
CHARLENE HATCHER, as a person for actions
under color of state law and in conspiracy;
THERESA COURI, as a person for actions under
color of state law and in conspiracy; BETH
BARBOSA, as a person in conspiracy with those

acting under color of state law; CHARLIE ALDEN, as a person in conspiracy with those acting under color of state law; GILBERT ALDEN BARBOSA PLLC, as a person in conspiracy with those acting under color of state law; CATRINA RUED, as a person in conspiracy with those acting under color of state law; TODD FELLMAN, as a person acting under color of state law and in conspiracy; LEONARDO CASTRO, as a person acting under color of state law and in conspiracy; CHARLES WEBBER, as a person acting under color of state law and in conspiracy; CAROLINE LENNON, as a person acting under color of state law and in conspiracy; PAULA VRAA, as a person acting under color of state law and in conspiracy; NATALIE HUDSON, as a person acting under color of state law and in conspiracy; RENEE WORKE, as a person acting under color of state law and in conspiracy; RACHEL BOND, as a person acting under color of state law and in conspiracy; ELISE LARSON, as a person acting under color of state law and in conspiracy; ROGER KLAPHAKE, as a person acting under color of state law and in conspiracy; JON SCHMIDT, as a person acting under color of state law and in conspiracy; KEVIN ROSS, as a person acting under color of state law and in conspiracy; FRANCIS CONNOLLY, as a person acting under color of state law and in conspiracy; ALEC SLOAN, as a person acting under color of state law and in conspiracy; KEITH ELLISON, as a person acting under color of state law and in conspiracy; JOSEPH WEINER, as a person acting under color of state law and in conspiracy; JOHN TUNHEIM, as a person acting under color of federal law in conspiracy with those acting under color of state law; TONY LEUNG, as a person acting under color of federal law in conspiracy with those acting under color of state law;

2

ELIZABETH COWAN WRIGHT, as a person acting under color of federal law in conspiracy with those acting under color of state law; JAMES LOKEN, as a person acting under color of federal law in conspiracy with those acting under color of state law; RAYMOND GRUENDER, as a person acting under color of federal law in conspiracy with those acting under color of state law; JONATHAN KOBES, as a person acting under color of federal law in conspiracy with those acting under color of state law; SUSAN TINDAL, as a person in conspiracy with those acting under color of state law; ASHLEY RAMSTAD, as a person in conspiracy with those acting under color of state law; DANIEL KACZOR, as a person acting under color of state law and in conspiracy; DAVID GROSKI, as a person acting under color of state law and in conspiracy; LESLEY KARNES, as a person acting under color of state law and in conspiracy; SUZANNE ARNSTON, as a person acting under color of state law and in conspiracy; JULIE SWANSON, as a person acting under color of state law and in conspiracy; SCOTT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, as a person acting under color of state law and in conspiracy; MIDWEST CHILDREN'S RESOURCE CENTER, as a person in conspiracy with those acting under color of state law; AMY LYNN HERMANECK, as a person acting under color of state law and in conspiracy; STEPHEN OTT, as a person acting under color of state law and in conspiracy; TODD ZETLER, as a person acting under color of state law and in conspiracy; ELIZABETH JOHNSON, as a person acting under color of state law and in conspiracy; MARA SYBESMA, as person acting under color of state law and in conspiracy; HENNEPIN COUNTY ATTORNEY, as a person acting under color of state law and in conspiracy; RONALD

HOCEVAR, as a person acting under color of state
law and in conspiracy; MARY MORIARTY, as a
person acting under color of state law and in
conspiracy; MARK VANDELIST, as a person
acting under color of state law and in conspiracy;
HENNEPIN COUNTY CIVIL CLERK OF COURT,
as a person acting under color of state law and in
conspiracy; JAMIE PEARSON, as a person acting
under color of state law and in conspiracy;
JENNIFER FRISCH, as a person acting under color
of state law; SARAH WHEELOCK, as a person
acting under color of state law; RANDALL
SLIETER, as a person acting under color of state
law; PETER REYES, as a person acting under color
of state law; SUSAN SEGAL, as a person acting
under color of state law; DENISE REILLY, as a
person acting under color of state law;
THEODORA GAITAS, as a person acting under
color of state law; TRACY SMITH, as a person
acting under color of state law; JEANNE
COCHRAN, as a person acting under color of
state law; LUCINDA JESSON, as a person acting
under color of state law; JODI HARPSTEAD, as a
person acting under color of state law and in
conspiracy; ANNE MCKEIG, as a person acting
under color of state law; PAUL THISSEN, as a
person acting under color of state law; GORDON
MOORE III, as a person acting under color of state
law; KARL PROCCACINI, as a person acting
under color of state law; SARAH HENNESY, as a
person acting under color of state law;
MATTHEW JOHNSON, as person acting under
color of state law; MICHELLE LARKIN, as a
person acting under color of state law; LOUISE
DOVRE BJORKMAN, as person acting under
color of state law; DIANE BRATVOLD, as a
person acting under color of state law; KEALA
EDE, as a person acting under color of state law;
JAPAUL HARRIS, as a person acting under color

of state law; ELIZABETH BENTLEY, as a person
acting under color of state law; JOHN ROBERTS,
contingently, under reasonable expectation of
threat to rights, as an individual acting under the
color of federal law and person in conspiracy;
CLARENCE THOMAS, contingently, under
reasonable expectation of threat to rights, as an
individual acting under the color of federal law
and person in conspiracy; SAMUEL ALITO,
contingently, under reasonable expectation of
threat to rights, as an individual acting under the
color of federal law and person in conspiracy;
SONIA SOTOMAYOR, contingently, under
reasonable expectation of threat to rights, as an
individual acting under color of federal law and
person in conspiracy; ELENA KAGAN,
contingently, under reasonable expectation of
threat to rights, as an individual acting under the
color of federal law and person in conspiracy;
NEIL GORSUCH, contingently, under reasonable
expectation of threat to rights, as an individual
acting under the color of federal law and person in
conspiracy; BRETT KAVANAUGH, contingently,
under reasonable expectation of threat to rights, as
an individual acting under the color of federal law
and person in conspiracy; AMY CONEY
BARRETT, contingently, under reasonable
expectation of threat to rights, as an individual
acting under the color of federal law and person in
conspiracy; KETANJI BROWN JACKSON,
contingently, under reasonable expectation of
threat to rights, as an individual acting under the
color of federal law and person in conspiracy;
ATTORNEY GENERAL OF THE UNITED
STATES, PAMELA BONDI, in official capacity;
PAMELA BONDI, as an individual acting under
color of federal law and in conspiracy; ACTING
UNITED STATES ATTORNEY FOR THE
DISTRICT OF MINNESOTA, JOE THOMPSON, in

official capacity; JOE THOMPSON, as an
individual acting under color of federal law and in
conspiracy; ASSISTANT UNITED STATES
ATTORNEY FOR THE DISTRICT OF
MINNESOTA, GREG BROOKER, in official
capacity; GREG BROOKER, as an individual
acting under color of federal law and in
conspiracy; TIKKI BROWN, as a person acting
under color of state law; JODI HARPSTEAD'S
REPLACEMENT, as a person acting under color
of state law; MINNESOTA COMMISSIONER OF
HUMAN SERVICES, in official capacity;
HENNEPIN COUNTY, as a person; SCOTT
COUNTY, as a person; KASH PATEL, the Director
of the Federal Bureau of Investigation in official
capacity; and PRESIDENT DONALD J. TRUMP,
President of the United States in official capacity,

Defendants.

---

For several years, plaintiff Joseph Daryll Rued ("Joseph Rued") and his parents,

plaintiffs Scott Daryll Rued and Leah Jean Rued, have been filing one frivolous lawsuit

after another in order to harass Joseph Rued's former wife, defendant Catrina Rued.

See Rued v. Rued, No. A21-0798, 2022 WL 2298992, at *18 (Minn. Ct. App. June 27, 2022)

(noting finding of fact of state district court that "[i]t is very obvious that [Joseph Rued]

was trying to bankrupt [his former wife] in hopes that her attorney would withdraw for

nonpayment"); Rued v. Rued, No. A23-1444, 2024 WL 1987171, at *2 (Minn. Ct. App.

Apr. 29, 2024) (recounting Rued's history of vexatious conduct in state court). As time

has gone on, the Rueds have broadened the scope of their vindictive campaign. By this

6

point, nearly every person and governmental entity that has ever had any involvement in the Rueds' divorce proceedings or subsequent litigation has been sued, including Joseph Rued's former wife; his former wife's attorneys; the social workers who investigated Joseph Rued's claims that his child was being abused (repeatedly determined to be unfounded); the state-court referees who presided over the custody proceedings; the state-court judges who presided over the Rueds' subsequent lawsuits; the state-court appellate judges who affirmed the many judgments adverse to the Rueds; every member of the Minnesota Supreme Court for declining to review those cases; a judge, magistrate judge, and former magistrate judge of this District; several judges of the United States Court of Appeals for the Eighth Circuit; every current member of the Supreme Court of the United States; the United States Attorney General; this District's Acting United States Attorney; various state prosecutors and prosecutorial officers; the Director of the Federal Bureau of Investigation; and the President of the United States.

Joseph Rued evaded the filing restrictions imposed upon him in the state courts of Carver, Dakota, Goodhue, Hennepin, Le Sueur, McLeod, Scott, and Sibley Counties by filing this action in Ramsey County. *See, e.g.*, *Rued v. Rued*, No. A23-1444, 2024 WL 1987171, at *2 (Minn. Ct. App. Apr. 29, 2024) (affirming Hennepin County District Court's designation of Mr. Rued as a frivolous litigant); *Rued v. Weber*, No. 70-CV-24-7810 (Minn. Dist. Ct. Jan. 2, 2025). Defendants promptly removed the lawsuit to this

District.  The Rueds are subject to filing restrictions in this District as well, *see Rued v. Hudson*, No. 24-CV-3409 (JRT/TNL), 2025 WL 762669, at *1 (D. Minn. Mar. 11, 2025), but because those filing restrictions apply only to lawsuits *initiated* in the District (as opposed to lawsuits initiated elsewhere and then removed or transferred to this District), the filing restrictions do not apply to the present matter.

This lawsuit is every bit as frivolous as the lawsuits that led to filing restrictions being imposed upon the Rueds in federal and state court.  In large part, this lawsuit—like most of the other lawsuits filed by the Rueds—is an attempt to appeal judgments entered in state court.  But as the Rueds have been told repeatedly, federal district courts cannot hear appeals of state-court judgments.  *See, e.g.*, *Rued v. Jayswal*, No. 24-CV-1763 (JRT/TNL), 2024 WL 5508585, at *6-8 (D. Minn. Nov. 6, 2024); *Rued v. Hatcher*, No. 23-CV-2685 (NEB/DJF), 2023 WL 10409535, at *1-2 (D. Minn. Sept. 7, 2023).

In other respects, the Rueds seek to relitigate claims that have already been fully litigated, often repeatedly.  But as the Rueds also know full well, they cannot relitigate claims that have already been decided on the merits.  *See Rued v. Hudson*, No. 24-CV-3409 (JRT/TNL), 2024 WL 4880385, at *2 (D. Minn. Nov. 25, 2024), *report and recommendation adopted*, 2025 WL 762669 (D. Minn. Mar. 11, 2025) (noting prior dismissal on res judicata grounds of claims brought by the Rueds in state court).

And in still other respects, this lawsuit is an attempt to seek relief from the dozens of judges who have made decisions with which the Rueds disagree.  But each of

the judges named to this action is absolutely immune from claims arising out of their judicial actions. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

In addition to being frivolous, this lawsuit is also malicious. As the Court has noted, this proceeding represents only the latest in a long campaign of harassment by the Rueds against Joseph Rued's former wife. There are other obvious signs of malice. The complaint itself makes clear that this District's Acting United States Attorney and Assistant United States Attorney have been sued in order to prevent the United States Attorney's Office from representing the other federal defendants named to this action. *See* Compl. ¶¶ 80-84 [ECF No. 1-1]. And any judge who makes any decision adverse to the Rueds simply gets added to their ever-growing list of defendants. This lawsuit is motivated more by revenge than by any good-faith belief by the Rueds that they might be entitled to judicial redress.

Federal courts may dismiss *sua sponte* any lawsuit found to be frivolous or malicious. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989). Because this action is both frivolous and malicious, it will be summarily dismissed.[1] But because yet another dismissal of yet another lawsuit is unlikely to discourage the Rueds from further misconduct, a few more words are necessary.

---

[1] Because the Court will dismiss this action under its inherent authority to dismiss frivolous and malicious actions, the motions to dismiss of defendants CornerHouse and Judy Weigman [ECF No. 30] and Anne Gearity [ECF No. 44] will be denied as moot.

The goal of the Rueds is obvious. They will continue to sue any person who has any connection—no matter how remote—to Joseph Rued's divorce and custody proceedings in any forum not yet closed to the Rueds. By suing every judge who has ever been involved in any their abusive lawsuits (and thereby excluding those judges from involvement in future abusive lawsuits), the Rueds seem to hope that somehow, somewhere, they will find a judicial officer who will be amenable to their claims.[2] And if (as is nearly certain) the Rueds will never find a judge to agree with them, then they will be satisfied to have at least imposed costs and aggravation upon anyone and everyone who opposes them along the way.

To this point, no sanction has proven adequate to discourage the Rueds from their vexatious behavior. Joseph Rued has more than once been ordered to pay substantial monetary sanctions in state court. *See, e.g.*, *Rued v. Rued*, No. A25-0361, 2025 WL 2437389, at *1 (Minn. Ct. App. Aug. 20, 2025) (affirming order imposing sanctions of $20,000 and awarding attorney fees to certain respondents). Those sanctions have not deterred him. In addition, this District and the state courts of several Minnesota

---

[2] For example, the Rueds have asked that this matter be transferred either to the United States District Court for the Northern District of North Dakota or the United States District Court for the Eastern District of Missouri—judicial districts that have only the flimsiest of connections to the claims raised in this action. *See generally* Pl.'s Mot. to Change Venue [ECF No. 6]. The Rueds' justification for their motion is, in essence, that they have sued so many judges in Minnesota that they cannot hope to succeed in this venue. Needless to say, the motion to transfer will be denied.

counties have imposed filing restrictions upon the Rueds. They have simply moved on to new venues.

This Court cannot police every filing made by the Rueds in every judicial venue, state or federal. The Court suspects, however, that most of the Rueds' future vindictive lawsuits will wind up in the District of Minnesota. The Rueds almost inevitably bring claims under federal law or against federal officials, and so their lawsuits are subject to removal under 28 U.S.C. § 1441 or § 1442. The Rueds will likely try to seek relief in other federal judicial districts, *see* [ECF No. 6] (motion to transfer), but the overwhelming majority of the events about which the Rueds complain took place in Minnesota, so any case filed elsewhere will be likely be transferred to this District pursuant to 28 U.S.C. § 1406(a).

The filing restriction previously imposed upon the Rueds extended only to lawsuits initiated in this District. That filing restriction is now extended to any lawsuit initiated elsewhere and subsequently removed or transferred to this District. Any future lawsuit from Joseph Daryll Rued, Scott Daryll Rued, or Leah Jean Rued that arrives in the District of Minnesota will be subject to this District's standard filing restriction. The Clerk of Court is directed to open a miscellaneous proceeding for any action initiated by the Rueds (regardless of whether it is initiated in this District or relocated from elsewhere into this District), unless the Rueds are represented by an attorney who is a member of this Court's bar. If the Rueds are not represented by

counsel, then their lawsuit cannot proceed unless a judicial officer confirms that the

lawsuit is not frivolous or malicious.  And if the judicial officer determines that the

lawsuit is frivolous or malicious, then the lawsuit will be summarily dismissed without

further substantive comment.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    This matter is SUMMARILY DISMISSED as frivolous and malicious.

2.    The motion to transfer of plaintiffs Joseph Daryll Rued, Scott Daryll Rued,
      and Leah Jean Rued [ECF No. 6] is DENIED.

3.    The motion to dismiss of defendants CornerHouse and Judy Weigman
      [ECF No. 30] is DENIED AS MOOT.

4.    The motion to dismiss of defendant Anne Gearity [ECF No. 44] is
      DENIED AS MOOT.

5.    The filing restrictions previously imposed upon plaintiffs Joseph Daryll
      Rued, Scott Daryll Rued, or Leah Jean Rued are extended to include any
      proceeding (1) brought by the Rueds in state court and subsequently
      removed to this District or (2) brought by the Rueds in another federal
      judicial district and subsequently transferred to this District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

12

Dated: September 12, 2025                          /s/ Patrick J. Schiltz
                                                   Patrick J. Schiltz, Chief Judge
                                                   United States District Court